THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CALDWELL-GARVAN AND BERTINI, INC., and CONTINENTAL CASUALTY COMPANY, Defendants.

Supreme Court, Special Term, Albany County, February 9, 1937.

*John J. Bennett, Jr., Attorney-General [Harold Greenstein* of counsel], for the plaintiff.

*McCormick & Eckel [Andrew Eckel* of counsel], for the defendant Continental Casualty Company.

SCHENCK, J. The plaintiff, The People of the State of New York, moves for an order striking out the affirmative defense set forth in defendants' answer, on the ground that it does not state facts sufficient to constitute a cause of action.

It is alleged in the complaint that plaintiff entered into a contract with defendant Caldwell-Garvan and Bertini, Inc., under date of April 26, 1934, whereby the contractor agreed to construct certain buildings for the State at the agreed price of $55,913. The defendant Continental Casualty Company furnished plaintiff a bond to secure the performance of the said contract. It is further alleged that the contractor defaulted and that the State readvertised the uncompleted work and subsequently entered into a contract for its completion with the Graves & Quinn Corporation, the contract price being $42,880. The complaint alleges that the excess cost of completing the work under the original contract amounted to $6,042.16, which plaintiff seeks to recover. These facts are not disputed except as to the amount of excess costs, which the defendants claim should be $1,500 less. The Graves & Quinn Corporation mailed to Albany its sealed bid for $42,880. Thereafter, the Graves & Quinn Corporation sent a telegram to the proper State official, which telegram concededly was received prior to the date and hour fixed for the opening of the sealed bids. This telegram directed the State to reduce the sealed bid by $1,500. The bids were opened and it developed that the Graves & Quinn Corporation was the lowest bidder, without regard to the telegram. The State thereafter entered into the completion contract with the Graves & Quinn Corporation for the amount of its bid, to wit, the sum of $42,880, disregarding the telegram seeking to reduce this bid in the sum of $1,500.

It is the contention of the defendants, as set forth in their answer, that the plaintiff should have taken the telegram reducing the bid by $1,500 into consideration when it awarded the completion contract.

In awarding public contracts, the State is governed by statute (Public Buildings Law, § 14). That statute provides for the filing of plans and specifications in the office of the Department of Public Works, where they shall at all times be open to public inspection and for advertisement for public bids for carrying out such plans and specifications. It provides that the contract shall be awarded to the lowest bidder. It is the contention of defendants that upon receipt of the telegram offering a reduction in the bid in the amount of $1,500, the Superintendent of Public Works should have rejected all bids. Granted that under the law the Superintendent of Public Works had the authority to reject all bids, he was not compelled so to do, and it is doubtful that in the circumstances he would have been justified in exercising his discretion, thereby incurring the additional expense of advertising for new bids. He could not in any event accept any bid except a sealed bid, and this telegram could not constitute a sealed bid or any part thereof.

My attention has been called to *People* v. *Continental Casualty Co.* (157 Misc. 15), where the State sought to recover the excess cost of completing a defaulted contract. Upon the default of the original contractor, the State relet the work to one Cuozzo. There it was found that Cuozzo had made mathematical errors in tabulation, and after the opening of the bids the State department retabulated the items, using the unit prices for estimated quantities contained in the sealed bid, and awarded the contract. That case can have no application here. There no change was made in the unit prices and the errors appear to be simply a matter of carrying out the totals. It appeared further that Cuozzo bid on certain work that had already been completed, which items were eliminated. A mistake in the matter of mathematical calculation in a sealed bid, where the unit price for estimated quantities is not changed, does not constitute a change in the bid. It is conceded that the State acted in good faith. There is no allegation of fraud, nor has it been shown that the Superintendent of Public Works abused his discretion.

The motion is granted, with ten dollars costs, and order may be entered accordingly.